UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA L. SCHULTE,<br>    Plaintiff,<br><br>v.<br><br>TEXAS AMERICAN TITLE<br>INSURANCE COMPANY, STEWART<br>TITLE INSURANCE COMPANY, AND<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>    Defendants. | §<br>§<br>§<br>§     CIVIL ACTION NO. 4:07-CV-04566<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Before the Court are the Motion to Dismiss filed by Defendant Equal Employment Opportunity Commission ("EEOC") (Doc. No. 8) and four (4) Emergency Motions filed by Plaintiff (Doc. Nos. 19-22).

### I. THE MOTION TO DISMISS

As part of her complaint, Plaintiff, proceeding *pro se* and *in forma pauperis*, asks the Court to order the EEOC to seek an injunction that would have the effect of returning her to work. As legal authority to support this request, Plaintiff relies on a passage in the EEOC Compliance Manual that authorizes the EEOC to seek temporary injunctive relief when it believes that such relief is necessary to carry out the purposes of Title VII. The passage that Plaintiff relies upon cites § 706(f)(2) of Title VII, 42 U.S.C. § 2000e-5(f)(2). In its Motion to Dismiss, however, Defendant EEOC correctly points out that § 706(f)(2) provides no private right of action to individuals seeking to compel the EEOC to seek temporary injunctive relief on their behalf. Nor is the Court aware of any other authority that would authorize it to compel the EEOC to seek injunctive relief compelling Plaintiff's former employers to reemploy her. The

EEOC's Motion to Dismiss (Doc. No. 8) is therefore **GRANTED.** Plaintiff's claims against the EEOC are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1), and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.     THE EMERGENCY MOTIONS

Plaintiff has filed four (4) emergency motions in this case. The first motion (Doc. No. 19) requests the Court to order one "B.G. Schulte" to surrender four boxes of personal files to Plaintiff. The motion does not, however, make clear who B.G. Schulte is, or why the Court has the authority to issue such an order. Moreover, as B.G. Schulte is not a party to this case, the more proper procedure for the discovery of documents under his custody or control is likely to issue a subpoena under Federal Rules of Civil Procedure 45. Plaintiff's Emergency Motion (Doc. No. 19) is therefore **DENIED WITHOUT PREJUDICE.** Plaintiff is advised to consult the Federal Rules of Civil Procedure, especially Rule 45, and to contact the clerk's office for assistance with the issuance of any necessary subpoena.

Plaintiff's second and third emergency motions (Doc. Nos. 20-21) request additional time to respond to the separate Motions to Dismiss filed by Defendants Texas American Title Insurance Company (Doc. No. 12) and Stewart Title Insurance Company (Doc. No. 15). Plaintiff's requests are premised on the unavailability of the documents allegedly in the custody of B.G. Schulte. The Court notes, however, that the two motions to dismiss are filed under Federal Rules of Civil Procedure 12(b), and may be responded to by reference to the pleadings

---

[1] Because the Court grants the EEOC's Motion to Dismiss, it does not reach the EEOC's alternative request to quash the summons and issue a protective order.

already filed in the case.[2] Moreover, the motions assert arguments based on the dates of Plaintiff's employment by the two defendants, and the Court doubts that Plaintiff will need to access any document not readily available to her to confirm her own dates of employment.[3] The Court is mindful of the enormous difficulty faced by *pro se* plaintiffs, however, and therefore Plaintiff's Emergency Motions (Doc. Nos. 20-21) are **GRANTED** insofar as Plaintiff is granted an extension of fourteen (14) days from the date of this Order to file her responses, if any, to the motions to dismiss. If Plaintiff believes this extension is inadequate, she may request additional time by filing a motion with the court that explains with specificity her need for additional time.

The fourth motion (Doc. No. 22) seeks to compel Defendant Stewart Title Insurance Company to furnish Plaintiff with a copy of its Answer. As demonstrated by Defendant Stewart Title Insurance Company's Response (Doc. No. 23), Plaintiff obtained a copy of that filing subsequent to filing her motion. Plaintiff's fourth Emergency Motion (Doc. No. 22) is therefore **DENIED AS MOOT**.

IT IS SO ORDERED.

SIGNED this 14th day of February, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT

---

[2] The Court is aware that both motions also move, in the alternative, for summary judgment under Fed. R. Civ. P. 56. In the event that the Court chooses to decide these motions under Rule 56 rather than Rule 12, it will provide Plaintiff a reasonable opportunity to present all material made pertinent to those motions by Rule 56.
[3] Indeed, Plaintiff's own emergency motions already allege some of those dates, confirming that Plaintiff need not consult the documents allegedly in the custody of B.G. Schulte before formulating her response.