UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA L. SCHULTE,<br>  Plaintiff, | §<br>§<br>§ |
| v. | §   CIVIL ACTION NO. 4:07-CV-04566 |
| TEXAS AMERICAN TITLE<br>INSURANCE COMPANY, STEWART<br>TITLE INSURANCE COMPANY, AND<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Before the Court are two motions filed by Plaintiff Diana L. Schulte: the Emergency Motion to Reconsider the Appointment of Legal Counsel (Doc. No. 26), and the Emergency Motion for Reconsidering the Injunctive Relief for Work (Doc. No. 27). For the following reasons, the Court declines to reconsider either of its decisions.

The Court originally denied Plaintiff's request for the appointment of counsel in a hearing held January 7, 2008, noting that Plaintiff would be ineligible for the appointment of counsel under any provision. Plaintiff now argues that she is entitled to counsel under Title VII, 42 U.S.C. § 2000(e)-5(f)(1), citing the difficulty of stating her claims without the help of a lawyer. District courts analyzing the merits of a Title VII plaintiff's request for counsel must consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). A federal district court has considerable discretion in determining whether to appoint counsel, so we review such determinations by the district court under an

abuse of discretion standard. *Harris v. Sullivan*, 50 F.3d 1032, 1032 (5th Cir. 1995) (citing *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir.1990)).

The Court does not doubt that Plaintiff has gone to great lengths in her ultimately unsuccessful attempts to find an attorney to represent her. Nor does the Court believe that Plaintiff, who is proceeding *in forma pauperis*, can afford to pay for an attorney. But the Court is deeply skeptical that Plaintiff's claims can succeed. Among the reasons offered during the January 7, 2008 hearing was the fact that Plaintiff's claims are brought against employers for whom she has not worked in more than five years, raising a serious question about whether Plaintiff has complied with the relevant statutes of limitations. The Court still entertains these doubts today.

Nor is the Court convinced that Plaintiff should be afforded counsel under the 28 U.S.C. § 1915(d). Under that provision for litigants proceeding *in forma pauperis*, a number of factors should be considered in ruling on requests for appointed counsel, including (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The assistance of counsel would no doubt sharpen Plaintiff's presentation of her case, but at this point, the facts and issues are simple and discrete: they are only the dates of her employment and the relevant statutes of limitations. Therefore, the case is not yet complex, Plaintiff should be able to present the necessary aspects of her case to the Court without assistance, Plaintiff will need to do minimal investigation to make her arguments, and there is unlikely to be any conflicting testimony as to facts. For these reasons, the Court declines to reconsider its refusal to appoint counsel.

- 3 -

With regard to the Court's decision to deny injunctive relief, the Court is still of the opinion that it lacks jurisdiction to reinstate Plaintiff into one of her previous jobs or otherwise ensure her immediate employment. (*See* Order, Doc. No. 16.) Plaintiff's Motion to Reconsider provides no jurisdictional argument to the contrary. The Court therefore declines to reconsider its denial of Plaintiff's request for injunctive relief.

For these reasons, Plaintiff's Emergency Motion to Reconsider the Appointment of Legal Counsel (Doc. No. 26), and her Emergency Motion for Reconsidering the Injunctive Relief for Work (Doc. No. 27), are both **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT