UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA L. SCHULTE,<br>Plaintiff,<br><br>v.<br><br>TEXAS AMERICAN TITLE<br>INSURANCE COMPANY and<br>STEWART TITLE INSURANCE<br>COMPANY,<br>Defendants. | § § § § § § § § § § §    CIVIL ACTION NO. 4:07-CV-04566 |

## MEMORANDUM AND ORDER

Before the Court are two motions to dismiss, one filed by Defendant Texas American Title Company ("TATCO") (Doc. No. 12), the other by Defendant Stewart Title Insurance Company ("Stewart Title") (Doc. No. 15). Both Motions request dismissal of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6),[1] arguing that they are time-barred by the relevant statutes of limitations.

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v.*

---

[1] Both Motions also request, in the alternative, summary judgment pursuant to Federal Rules of Civil Procedure 56, and attach summary judgment evidence as appendices. In a previous Order (Doc. No. 24), the Court stated that it would provide Plaintiff a reasonable opportunity to present all material made pertinent to those motions by Rule 56 before considering an entry of summary judgment. Because the Court today decides the Motions under the evidentiary standards of 12(b)(6), however, the Court has not considered the Motions' appendices, and therefore Plaintiff does not require additional time to consider and respond to that evidence.

*Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)).

I.  **PLAINTIFF'S CLAIMS AGAINST TATCO**

Ms. Schulte brings suit against TATCO for employment discrimination under two federal statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Complaint, Doc. No. 1, at ¶ 1.) Her filings also allege that TATCO is liable for defamation and intentional infliction of emotional distress under state law. (*See, e.g.*, Pl.'s Mot. to Deny, Doc. No. 37, at ¶ 4.)

According to her Complaint, Ms. Schulte worked for TATCO from 1996 through 1999. (Complaint, at ¶ 7.) Subsequent to her employment with TATCO, she filed two charges of discrimination against the company with the Equal Opportunity Employment Commission ("EEOC"). (Complaint, at ¶ 1.) The first charge was filed as early as 2001 and no later than 2003. (Complaint, at ¶ 8a.)[2] The second charge was filed on May 25, 2007 (Complaint, at p. 15), and dismissed on August 30, 2007 (Complaint, at p. 14). The notice of dismissal also included a notice of Ms. Schulte's right to sue. (Complaint, at p. 14).

As argued in TATCO's Motion to Dismiss, Ms. Schulte's federal claims are time-barred. Claims based on Title VII and the ADEA must be brought within ninety days of receipt of the EEOC's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). Ms. Schulte's most recent notice was issued on August 30, 2007, but according to a letter from the EEOC attached to her

---

[2] The Complaint does not state the disposition of this first charge against TATCO.

complaint, Ms. Schulte did not receive the notice until October 16, 2007. (Complaint, at p. 13.) The Court therefore assumes for purposes of this motion that, although Ms. Schulte did not file suit until December 27, 2007, which was 119 days after her notice was issued, Ms. Schulte in fact did comply with the ninety-day time limit. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received* . . . ." (emphasis in original) (citing *Bunch v. Bullard*, 795 F.2d 384, 387-88 (5th Cir. 1986))).[3] These same statutes, however, also require most plaintiffs to file their EEOC charge within 180 days after the alleged unlawful employment practice occurred, and all plaintiffs to do so within 300 days. 42 U.S.C. § 2000e-5(e)(1). Ms. Schulte's charges, the first of which was filed no earlier than 2001, appear to complain of actions occurring shortly after she left her job at TATCO, which was more than 300 days prior to the first charge, and many years prior to the second charge. Therefore, her charges appear to have been filed outside the 300-day limitations period. If Ms. Schulte has intended to allege that TATCO has violated Title VII or the ADEA more recently, she has failed to do so with the specificity required by *Twombly*.

Ms. Schulte's claims against TATCO under the EPA are similarly untimely. The EPA requires plaintiffs to bring suit within two years of the alleged discriminatory conduct, or three years if the conduct is willful. 29 U.S.C. § 255(a); *Hill v. J.C. Penney Company, Inc.*, 688 F.2d 370, 374 (5th Cir. 1982). Ms. Schulte's last date of employment with TATCO was in 1999. The instant lawsuit, which was filed roughly eight years after her last date of

---

[3] To the extent Ms. Schulte purports to sue based on any right to sue letter stemming from her first EEOC charge, however, her claims are clearly time-barred by the ninety-day requirement.

employment with TATCO, is therefore well outside even the EPA's maximum three-year limitations period.

Ms. Schulte's claims under state law are also barred by statutes of limitations. Claims of intentional infliction of emotional distress are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Stevenson v. Koutzarov,* 795 S.W.2d 313, 319 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *see also Schneider v. Whataburger, Inc.,* 37 F.3d 633, 1994 WL 558897 (5th Cir. 1994) (decision with unpublished opinion) (citing *Stevenson*). Claims of defamation, including slander, are subject to a one-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.002(a); *Newsom v. Brod,* 89 S.W.3d 732, 735-36 (Tex.App.—Houston [1st Dist.] 2002, no pet.); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 142 (5th Cir. 2007).[4]

In each of her two Responses to TATCO's Motion, Ms. Schulte argues that the relevant statutes of limitations should not be applied to bar her claims. (*See* Pl.'s Rebuttal to Answer to Complaint, Doc. No. 30; Pl.'s Mot. to Deny, Doc. No. 37.) None of her arguments is persuasive. She argues that equitable tolling of the limitations period would be appropriate due to her financial constraints, which allegedly prevented her from filing her claims in a timely manner. (Pl.'s Rebuttal, at ¶ 2; Pl.'s Mot. to Deny, at ¶ 1.) The Court is aware of no instance where a statute of limitations has been tolled based solely on a plaintiff's financial constraints, and the Court declines to so here. If Ms. Schulte could not afford to bring suit at the relevant time, she could have availed herself of the Court's *in forma pauperis* provisions,

---

[4] The Court notes that Ms. Schulte's state law allegations do not provide the necessary factual specificity under *Twombly*, much less under the heightened pleading standards for defamation suits under Texas law. *See* Elizabeth Williams, 50 *Tex. Jur.* § 96 (3d. ed. 2008) ("The petition in a suit for libel or slander must, according to general principles, clearly and explicitly allege all facts essential to the statement of a cause of action." (citations omitted)).

as she eventually did when she filed the instant case. Ms. Schulte also argues that the doctrine of equitable estoppel provides a reason to toll the limitations period, suggesting that certain unidentified facts had been "concealed or misrepresented" from her in a manner that prevented her from filing timely claims. (Pl.'s Rebuttal, at ¶ 2.; Pl.'s Mot. to Deny, at ¶ 1.) She does not, however, explain which facts were concealed, by whom, or when, and thus she falls short of the *Twombly* standard recited above. 127 S.Ct. at 1964-65.

Finally, Ms. Schulte argues that the limitations periods should run anew from each successive employment application that TATCO rejects, of which there have been many since her last date of employment with the company. (Pl.'s Rebuttal, at ¶ 2; Pl.'s Mot. to Deny, at ¶ 1.) Even were the Court to assume that TATCO's decision not to rehire Ms. Schulte was made for improper reasons, as the Court is required to do when adjudicating a motion under Rule 12(b)(6), the decision constituted a discrete act, and the statute of limitations for filing a discrimination claim therefore began when Ms. Schulte became aware of that act. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2165 (2007). It is undisputed that TATCO made the decision at least five years ago, and that Ms. Schulte was aware of the decision by the time she filed her first charge of discrimination, which was no later than 2003. (Complaint, at ¶ 8a.) Her lawsuit against TATCO, filed in 2007, is well outside the relevant statute of limitations and therefore time-barred. *See id.; see also Randle v. Local 28 Int'l Longshoremens Ass'n / AFL-CIO*, No. 07-20384, 2007 WL 4170714, at *4 (5th Cir. Nov. 20, 2007) (unpublished) ("Ordinarily, a statute of limitations begins to run upon the discovery of the injury in question, or when the plaintiff should have discovered the injury." (citing *Rotella v. Wood*, 528 U.S. 549, 555 (2000))).

## II. PLAINTIFF'S CLAIMS AGAINST STEWART TITLE

Ms. Schulte also brings suit against Stewart Title under the same federal statutes and state law provisions. According to her Complaint, Ms. Schulte worked for Stewart Title from 1990 through 1996. (Complaint, at ¶ 7.) Subsequent to her employment with Stewart Title, she filed two charges of discrimination against the company with the Equal Opportunity Employment Commission ("EEOC"). (Complaint, at ¶ 1.) The first charge was filed as early as 2001 and no later than 2003. (Complaint, at ¶ 8a.)[5] The second charge was filed on May 25, 2007 (Complaint, p. 8), and dismissed on August 8, 2007 (Complaint, at p. 6). The notice of dismissal included a notice of Ms. Schulte's right to sue. (Complaint, at p. 6.)

Like her claims against TATCO, Ms. Schulte's claims against Stewart Title are time-barred. Ms. Schulte's most recent notice of her right to sue Stewart Title was issued on August 8, 2007 (Complaint, at p. 6) and her suit was not filed until December 27, 2007, but as discussed above, she appears not to have received the notice until October 16, 2007 (Complaint, at p. 13). The Court therefore assumes for purposes of this motion that Ms. Schulte in fact did comply with the ninety-day time limit to file suit.[6] However, just like her EEOC charges against TATCO, her charges against Stewart Title all appear to complain of actions occurring more than three hundred days prior to Ms. Schulte's first charge of discrimination with the EEOC, and were therefore outside of the applicable 300-day statute of limitations; if Ms. Schulte has intended to allege that Stewart Title has violated Title VII or the ADEA more recently, she has failed to do so with the specificity required by *Twombly*.

---

[5] The Complaint does not state the disposition of this first charge against Stewart Title.
[6] To the extent Ms. Schulte purports to sue based on any right to sue letter stemming from her first EEOC charge, however, her claims are clearly time-barred by the ninety-day requirement.

Ms. Schulte's claim against Stewart Title under the EPA is also untimely. Her last date of employment with Stewart Title was in 1996, and the instant lawsuit, filed roughly eleven years later, is therefore well outside the EPA's limitations period. Finally, Ms. Schulte's claims against Stewart Title for defamation and intentional infliction of emotional distress relate to conduct occurring outside of the limitations periods described above, and are therefore untimely. Ms. Schulte's arguments to the contrary, advanced in three responses (Pl.'s Rebuttal, Doc. No. 34; Pl.'s Mot to Deny, Doc. No. 36; Pl.'s Amendment, Doc. No. 35), are in relevant part identical to the arguments she advanced in response to TATCO's Motion to Dismiss, and are unavailing for the same reasons.[7]

## III. CONCLUSION

As explained above, the Court today finds that Ms. Schulte's claims are all untimely and therefore may not proceed. In so finding, the Court does not doubt that Ms. Schulte has experienced severe distress as a result of the many financial, physical, emotional, and personal difficulties that she has detailed in her filings. Nor does the Court wish to be seen as diminishing the considerable hardships that the past ten years have visited upon her. The Court's obligation, however, is to enforce the law, and as explained above, the claims Ms. Schulte advances in her Complaint are barred. The Motions to Dismiss filed by Defendant TATCO (Doc. No. 12) and Defendant Stewart Title (Doc. No. 15) are therefore **GRANTED**,

---

[7] In addition, Ms. Schulte's Complaint includes Stewart Title's response to her first charge of discrimination with the EEOC, dated May 2003. (Complaint, at p. 10-12.) That document specifically states that Stewart Title had marked Ms. Schulte's personnel file as "not eligible for rehire" (Complaint, at p. 11), thereby establishing that Ms. Schulte was aware of Stewart Title's decision not to rehire her at that time. The statute of limitations for Ms. Schulte's discrimination claims would therefore have started no later than 2003, and would have run long before the instant lawsuit was filed. *See Ledbetter*, 127 S.Ct. at 2165; *see also Randle*, 2007 WL 4170714, at *4.

and Ms. Schulte's claims are hereby **DISMISSED WITHOUT PREJUDICE**. All other motions currently before the Court are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

SIGNED this 8th day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT